UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-220-GWU

LONZO SIZEMORE,                                                                    PLAINTIFF,

VS.                                **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

## INTRODUCTION

Lonzo Sizemore brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB).  The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

07-220  Sizemore

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.   Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.   Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-220  Sizemore

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.

6

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Sizemore, a 53-year-old former highway department foreman with a high school equivalent education, suffered from impairments related to degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, depression, and anxiety.  (Tr. 18, 21).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 25-26).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 26).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 24-25).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the

court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.

The ALJ erred in evaluating Sizemore's physical condition.  The hypothetical question presented to Vocational Expert William Ellis included such physical restrictions as a limitation to medium level work as well as an inability to more than frequently stoop, bend, or crouch, an inability to more than occasionally climb ramps or stairs, and an inability to ever crawl and climb ladders, ropes or scaffolds. (Tr. 353-354).  Review of the medical evidence suggests that more severe physical restrictions were indicated.

Dr. Kishore Jadhav, Sizemore's treating physician, identified a number of very severe physical restrictions on a Residual Functional Capacity Questionnaire. These restrictions would restrict one to less than a full range of sedentary level work.  (Tr. 304).  The ALJ noted a number of reasons these restrictions were not well-supported by objective medical evidence.  (Tr. 22).  Nevertheless, this opinion does not provide support for the administrative decision.

Dr. Stephen Nutter, a examining consultant, reported that Sizemore would be "mildly to moderately" limited in such areas as bending, stooping, lifting, walking, crawling, carrying, traveling and pushing or pulling heavy objects.  (Tr. 196).  The doctor also indicated that the plaintiff should avoid squatting.  (Id.).  Squatting is defined as "to crouch close to the ground."  Websters II: New Riverside University

07-220  Sizemore

Dictionary, p. 1128 (1984).  Thus, squatting is a form of crouching.  Social Security Ruling 85-15 indicates that frequent crouching is a requirement of most medium level jobs.   Thus, the ALJ's hypothetical question was not consistent with Dr. Nutter's findings and, so, his opinion also does not support the administrative decision.

Dr. Sudideb Mukherjee, a non-examining medical reviewer, opined that Sizemore did not suffer from a "severe" physical impairment.  (Tr. 260).  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  Social Security Ruling 96-6p suggests that when the examiner is also a treating source, then the non-examiner needs to have reviewed a complete record which includes the opinion of a specialist.  In the current action, Dr. Mukherjee reviewed the record in October of 2005.   The physician had no opportunity to see and comment upon Dr. Jadhav's August, 2006 assessment nor the numerous medical exhibits which were dated from 2006. These exhibits included reports from Dr. Richard Lingreen (Tr. 261-276) and Dr. Greg Wheeler (Tr. 298-302), neurological specialists at the Spine and Brain Neurological Center.  Dr. Lingreen noted muscle spasms in the lower extremities. (Tr. 262).  MRI testing of the lumbar spine revealed degenerative disc disease and spondylosis from L3 through S1 with facet arthropathy and mild neuroforaminal

9

encroachment.   (Tr. 271).   An MRI scan of the cervical spine revealed disc degeneration, spondylosis, calcified protrusions, and mild stenosis at C4 through C7.  (Tr. 273).  Thus, considerable evidence obtained after Dr. Mukherjee reviewed the record suggests the existence of severe physical problems and, so, the ALJ could not rely upon this opinion and a remand of the action for further consideration is required.

Sizemore also challenges the ALJ's treatment of his mental condition.  Much of his argument concerns the findings of Dr. Raquel Vasquez, a treating mental health professional.   (Tr. 309-311).   However, Dr. Vasquez's assessment was submitted to the Appeals Council and was not before the ALJ.  Thus, this report can only be considered by the court for the limited purpose of taking new evidence before the Commissioner.  Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).  Since the case is already being remanded, an ALJ will have the opportunity to consider it.  In passing, the court notes that Psychologist Kenneth Starkey, an examining consultant, made rather contradictory findings in his report--at one point stating that the claimant would suffer only mild occupational impairment due to his mental condition and later stating that he would need six months of therapy before any vocational placement could be considered.  (Tr. 208).  Upon remand, the ALJ might seek clarification of these seemingly contradictory statements.

07-220  Sizemore

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 16th day of April, 2008.

**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**